UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CRESCENT TOWING  SALVAGE CO.,**              **CIVIL ACTION**
**INC., & COOPER CONSOLIDATED, INC.**

**VERSUS**                                                                **NO. 05-4207**

**M/V CHIOS BEAUTY**                                        **SECTION "K"(5)**

## ORDER AND OPINION

Before the Court is the "Motion to Exclude New Expert Opinions Not Timely Disclosed by Plaintiffs" filed on behalf of Chios Beauty Shipping & Trading, S.A., as claimant of the M/V CHIOS BEAUTY, and Harbor Shipping & Trading, S.A., as the former manager or operator of the M/V CHIOS BEAUTY (collectively "Chios Beauty")(Doc. 189).  Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, DENIES the motion  in part and GRANTS  it in part.

Chios Beauty seeks to exclude the June 10, 2008, report of plaintiff's expert Arthur Sargent, analyzing  the ballasting of the M/V CHIOS BEAUTY on its arrival in New Orleans on August 27, 2005, as well as any testimony at trial by Mr. Sargent relative to the issue of ballasting.  Chios Beauty contends that plaintiffs delivered the report more than two months after the deadline for delivering expert reports and that it  "essentially duplicates" opinions previously stated by Kelly Pulsifer, another of  plaintiffs' experts.  Additionally, Chios Beauty seeks to exclude Arthur Sargent's June 26, 2008,  report addressing the cause of the damages sustained by certain items of plaintiffs' property, including the  crane barge MANDY as untimely  delivered.  Defendants assert that  plaintiffs have long been aware that there was an issue as to whether  the physical shape of the M/V CHIOS BEAUTY precluded it as the source of the damages to plaintiffs' property.

LAW AND ANALYSIS

The Court imposed Scheduling Order established April 10, 2008 as the latest date for plaintiffs to timely deliver all written experts' reports to opposing counsel. (Doc. 82). However, a court's Scheduling Order may be modified upon a party's "showing of good cause." Fed. R. Civ. Pro. 16(b). In determining whether a party has demonstrated "good cause" for modifying a deadline for filing expert reports, the court should consider the following factors: (1) the explanation for the failure to submit a complete report on time; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure the prejudice. *Reliance Insurance Company v. Louisiana Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997).

Plaintiffs urges that the delay in producing Mr. Sargent's June 10, 2008, report occurred in part because the deposition of Captain Konstantinos Orfanos, the corporate representative of Chios Beauty, had to be conducted in Greece and could not be conducted until April 10, 2008, the date that plaintiffs were required to deliver their expert reports. Although the parties were aware prior to Captain Orfanos's deposition that there was an issue as to whether Chios Beauty was negligent in failing to take on additional ballast prior to Hurricane Katrina and the parties had obtained expert opinions concerning the role of ballast, it was not until Mr. Orfanos's deposition that any party or witness "quantified the effect of the ballast that could be added onboard." (Doc. 194, p. 5.).

Plaintiffs contend that the failure of Chios Beauty to reduce the sail area of its vessel as Hurricane Katrina approached New Orleans is one of several negligent acts which caused the allision which is the subject of the suit. Mr. Sargent's June 10, 2008, report directly addresses testimony by Konstantinos Orfanos concerning the effect of ballasting the M/V CHIOS BEAUTY.

Therefore, the challenged report and testimony address a key liability issue.

Moreover, defendants are not prejudiced by the late delivery of Mr. Sargent's report and testimony by him at trial on the issues addressed in his June 10, 2008, report. Defendants' experts had access to Captain Orfanos's testimony when they issued their reports, and they have addressed the ballasting issue. Accordingly, the Court DENIES Chios Beauty's motion to strike Arthur Sargent's June 10, 2008, report and to exclude his testimony related to that report.

Regarding defendants' motion to strike Arthur Sargent's June 26, 2008, report, plaintiffs assert that Mr. Sargent prepared that report to address defendants' alleged contention that considering the design of the flare of the M/V CHIOS BEAUTY "it would be impossible for the vessel's stern to have made contact with plaintiffs' building without disrupting the side shell of the Barge SCB2, SCB7 and Barge MANDY." Doc. 194, p. 11). The Court has reviewed the May 20, 2008 report of Captain David Marsh and the May 22, 2008 report of Bobby Surendra, defendants' experts and does not find within the scope of those reports any opinion that contact between the M/V CHIOS BEAUTY and plaintiffs' damaged property was "impossible" due to the design of the vessel's flare. Because defendants' experts' reports do not address the "impossibility" issue and because defendants will not be permitted to present expert testimony regarding the "impossibility" issue, the Court grants defendants' motion in limine to the extent that it seeks to strike Arthur Sargent's June 26, 2008, report and exclude any testimony related to that report.

New Orleans, Louisiana, this 8th day of July, 2008.

_____
STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE