UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CRESCENT TOWING SALVAGE CO., INC., & COOPER CONSOLIDATED, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-4207** |
| **M/V CHIOS BEAUTY** | **SECTION "K"(5)** |

## ORDER AND OPINION

Before the Court is the "Motion for Summary Judgment" filed on behalf of Chios Beauty Shipping and Trading, S.A., as claimant of the M/V CHIOS BEAUTY, Harbor Shipping and Trading, S.A., as the former manager or operator of the M/V CHIOS BEAUTY, and Navigators Underwriting, Ltd., the former hull and machinery underwriter of the M/V CHIOS BEAUTY (Doc. 121) which seeks to dismiss the claim of Captain Michael Domangue. Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, GRANTS the motion.

On August 29, 2005, during Hurricane Katrina the M/V CHIOS BEAUTY broke loose from her moorings at the Pauline Street Wharf. The tug M/V MIRIAM COOPER, owned by Crescent Towing Salvage Company, Inc. ("Crescent"), and under the command of Captain Michael Domangue, responded to a "May Day" broadcast by the master of the M/V CHIOS BEAUTY and rendered assistance to the vessel. Thereafter Crescent filed suit *in rem* against the M/V CHIOS BEAUTY asserting, among other claims, a claim for salvage. Crescent's claim for salvage did not incorporate a claim for salvage by Captain Michael Domangue or any member of the crew of the M/V MIRIAM COOPER.

On October 22, 2007 Captain Michael Domangue filed a motion for leave to intervene in Crescent's suit seeking recognition of a maritime salvage lien in his favor "in an amount determined

to be equitable based upon the risks and expenses incurred to protect the vessel, in accordance with the law of salvage." (Doc. 89). Magistrate Judge Alma L. Chasez granted Captain Domangue leave to intervene. (Doc. 119)

Movers seek to dismiss Captain Domangue's claim contending that it is time barred. Except under circumstances not pertinent here, a claim for giving aid or salvage services must be brought within two years after the date the aid or salvage services were rendered. 46 U.S.C. §730, repealed and recodified by Pub. Law 109-304, §19, October 6, 2006, 120 Stat. 1710, presently codified as 46 U.S.C. §80107(c). It is undisputed that more than two years elapsed between the time Captain Domangue rendered assistance to the M/V CHIOS BEAUTY and the date he filed his motion to intervene.

Captain Domangue contends that the two year statute of limitations is inapplicable because his claim is not a new claim but rather is derivative of Crescent's claim for salvage and that "a full and complete adjudication of this matter can only be made with all parties before the Court." (Doc. 120). No party cited, nor was the Court able to locate, any case addressing the issue presented herein, i.e, whether a master's claim seeking recognition of a maritime salvage lien for his efforts in assisting a vessel in distress is derivative of the vessel owner's timely claim for salvage such that the two year statute of limitations for salvage claims is inapplicable to the master's claim. Thus, this motion apparently presents an issue of first impression.

The owner of a vessel that performs an act of salvage, as well as the master and crew members of such a vessel may qualify for a salvage award. 2 Thomas J. Schoenbaum, Admiralty and Maritime Law §16-3, p. 168 (2004). It is well established that the nonprosecution of a salvage claim by some salvors inures to the benefit of the salved vessel and cargo and not to the salvors who

do prosecute their claim. *Rauch v. Gulf Refining Company*, 129 F.Supp. 843, 844 (E.D. La. 1955), citing *The Blackwall*, 77 U.S. 1 (1869). "[F]orbearance of some of the salvors to press their claims, whatever the reason for their forbearance, does not result in a windfall recovery for those who do claim." Grant Gilmore Charles L. Black, Jr., *The Law of Admiralty*, §8-1, p. 570 ( 2nd Ed. 1975). Thus, if Captain Domangue and Crescent Towing prevail on their claims for salvage, the M/V CHIOS BEAUTY would be liable for a greater amount than if Captain Domangue had not prosecuted his salvage claim. Thus, this claim in intervention is vastly different from the typical intervention, e.g., an insurer's intervention for benefits paid to or on behalf of an insured, where the intervenor's claim does not subject the defendant to additional liability. Because Captain Domangue had an independent right of action against the M/V CHIOS BEAUTY, and his claim, if successful, potentially increases the liability of the salved vessel, his claim is not derivative of Crescent's suit. Captain Domangue's claim presents a separate claim, and as such it is time-barred. Accordingly,

**IT IS ORDERED** that the "Motion for Summary Judgment" filed on behalf of defendants Chios Beauty Shipping and Trading, S.A., as claimant of the M/V CHIOS BEAUTY, Harbor Shipping and Trading, S.A., as the former manager or operator of the M/V CHIOS BEAUTY, and Navigators Underwriting, Ltd., the former hull and machinery underwriter of the M/V CHIOS BEAUTY (Doc. 121) is **GRANTED;**

**IT IS FURTHER ORDERED** that the claim of Captain Michael Domangue is hereby dismissed with prejudice.

New Orleans, Louisiana, this 7th day of July, 2008.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE